HEATHER E. WILLIAMS, Bar # 122664
Federal Defender
DOUGLAS BEEVERS, #288639
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Telephone: 916.498.5700
Fax: 916.498.5710
douglas_beevers@fd.org

Attorney for Defendant
LOUIS MENDONSA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LOUIS MENDONSA,<br><br>Defendant. | Case №:2:22-CR-00243-TLN<br><br>**SENTENCING MEMORANDUM**<br>**REPLY IN SUPPORT OF OBJECTIONS**<br><br>Date:  February 13, 2025<br>Time:  9:00 a.m.<br>Judge: Hon. Troy L. Nunley<br><br>**No Interpreter Case** |

Defendant, LOUIS MENDONSA, submits this memorandum to assist the Court in evaluating the 18 U.S.C. §3553 sentencing factors necessary to achieve a reasonable sentence that is not greater than necessary.  Defense requests a sentence of 210 months prison.

I.       **Characteristics of the Defendant/Circumstances of the Offense**

LOUIS MENDONSA is a 62-year old veteran who had been homeless for twelve years before being arrested in this case.  He accepts that he has a disorder and is willing to work with U.S. Probation to comply with whatever conditions the Court deems useful.  Mr. Mendonsa recognizes that his crime was very serious, but it has been 32 years since Mr. Mendonsa engaged in sexual conduct with a victim.  Despite the passage of 32 years, the Sentencing Guidelines recommend increasing his sentencing range by 10 years due to the fact of this 30 year-old conduct.  This pattern of activity enhancement increases his guidelines range from 168-210 months up to 292-256 months prison which is more than the 7 years he actually served (on the 14

Sentencing Memorandum

year sentence) after being convicted at trial. Para. 58.  Defense believes that a sentence within the 169-210 range is sufficient to punish Mr. Mendonsa for his current crime.

Relying on the pattern of activity 10-year enhancement might be reasonable for younger offenders, but Mr. Mendonsa is 62.  A 210-month sentence with a 15% good time reduction will result in him being releases at age 74.  According to the Sentencing Commission's Data offenders over age 50 have a recidivism rate that declines by 50% and the recidivism tends to involve less serious violations. *See Older Offenders in the Federal System; Key Findings* page 5 https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2022/20220726_Older-Offenders.pdf  Defense Ex. A. The Commission also notes that at age 65 defendants receive downward variances in approximately 50% of cases. Id. Above age 60 offenders receive downward variances in over 33% of cases.  This high level of downward variances reflects many judges' recognition that recidivism rates are lower for older offenders.

Mr. Mendonsa also has COPD which will likely require serious medical care in the future.  A 292 month sentence is likely to create a burden on the limited capacity of Bureau of Prisons Medical facilities when he is largely incapacitated.  According to §5H1.4 a serious infirmity is grounds for a downward departure.  Although Mr. Mendonsa is not seriously infirm yet, he is likely to become seriously infirm before 292 months is completed.

II.     **Avoiding Unwarranted Disparity/Deterrence**

The Sentencing Commission's data indicates that the Guidelines can be an effective tool to assist the Court in avoiding unwarranted disparity.  According to the Sentencing Commission's data the average sentence for defendants like Mr. Mendonsa who were facing the 15-year minimum mandatory sentence for distribution of child pornography with a prior sex abuse of child pornography conviction was 236 months. See Ex. B: Quick Facts: Child

Sentencing Memorandum

Pornography 2023.  Mr. Mendonsa is much older than the average age 41 of child pornography offenders.  If the Court overrules Defense objection to the pattern of abuse enhancement, a 236 month sentence would need a downward variance, but the Quick Facts data shows that downward variances are given in 60% of all child pornography cases and this would not create unwarranted disparity.

### III.    Treatment and Rehabilitation

Mr. MENDONSA's age and the fact that he has complied with authority when on supervision suggests that lifetime supervision will be effective at preventing further offenses.

### IV.    Sentencing Guidelines: Reply to Response to Formal Objection

Defense notes that the Ninth Circuit cases cited by the United States predate *Kisor v. Wilkie*, 588 U.S. 558 (2019) and are not relevant to resolving how *Kisor* should apply to the application notes to §2G2.2.  The Government does cite a post-*Kisor* case from the Tenth Circuit, but the holding of *United States v. Coates*, 82 F.4th 953 (10th Cir. 2023) is directly contrary to Ninth Circuit case law.  In *Coates*, the Tenth Circuit broadly held that *Kisor* does not apply to the U.S. Sentencing Guidelines in any case.   The Ninth Circuit has held that *Kisor* does apply to the Sentencing Guidelines. *See United States v. Kirilyuk*, 29 F.4th 1128, 1136 (9th Cir. 2022) (applying *Kisor* to invalidate a note in the commentary to the fraud guidelines).

Mr. Mendonsa did object to paragraph 58 in his formal objections when it was first included as a fact to support the pattern of abuse enhancement.  Mr. Mendonsa did not object to the informal pre-sentence report description of his conviction, because the draft report did not include a pattern of abuse enhancement and paragraph 58 merely describes what the victims said in the police reports.  Mendonsa contested these facts by a jury trial in which he was convicted of some but not all charges.  Since Mr. Mendonsa did not plead guilty he cannot be deemed to have accepted the underlying facts of the allegations in the police report.  In addition, the vague description in paragraph 58 does not describe separate incidents with enough detail to determine

Sentencing Memorandum

whether there were multiple separate incidents of specific federal crime equivalents rather than multiple counts committed during one uninterrupted incident.

    Defense requests an evidentiary hearing regarding the underlying facts allegedly supporting the pattern of abuse enhancement.

    Regardless of how the Court rules on the objection, Defense contends that a sentence of 210 months is a reasonable sentence.

Dated: February 6, 2025　　　　　　　　　　　HEATHER E. WILLIAMS
　　　　　　　　　　　　　　　　　　　　　　Federal Defender

　　　　　　　　　　　　　　　　　　　　　　*/s/ Douglas Beevers*
　　　　　　　　　　　　　　　　　　　　　　DOUGLAS BEEVERS
　　　　　　　　　　　　　　　　　　　　　　Assistant Federal Defender
　　　　　　　　　　　　　　　　　　　　　　Attorney for Defendant

Sentencing Memorandum